**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES OF AMERICA**

      **v.**                                                        Cr. No. 4:04cr70

**DEMETRIEL D. STEWERT,**
        **Defendant**

## MEMORANDUM OPINION & ORDER

In this case, Defendant Demetriel Stewart [hereinafter "Defendant"] did not waive, in open court, her right to indictment and agree to be prosecuted by criminal information until the date of her guilty plea hearing and formal waiver of indictment in open court, which happened after the five-year statute of limitations period under 18 U.S.C. 3282 had expired. Defendant and her attorney, however, had signed a plea agreement and a waiver of indictment <u>outside</u> of open court prior to the statute of limitations expiration period, and the criminal information was filed in the clerk's office after the non-court waiver was executed but before her court appearance. Two unusual but straightforward questions therefore arise: 1) what is the effectiveness of a criminal information filed in the clerk's office in relation to the five-year statute of limitations period without a waiver of indictment in open court? and 2) does a plea agreement or a waiver of indictment signed by a defendant and her attorney outside of open court constitute a valid waiver of indictment allowing for the timely filing of a criminal information? At the guilty plea hearing, the Court withheld a finding of guilty until the parties briefed the Court on these issues.

As explained <u>infra</u>, the plain language of Federal Rules of Criminal Procedure suggests one answer, but the case law suggests another. For the reasons stated herein, the Court concludes that filing a "waiverless" criminal information with the clerk's office "institutes" it for the purposes of

tolling the five-year statute of limitations, 18 U.S.C. § 3282.  To be clear, the Court is not finding that filing a criminal information with the clerk's office alone allows a defendant to be prosecuted; indeed, this holding does not change the iron-clad rule that a defendant may not be prosecuted on a criminal information until the indictment is waived in open court.  Filing a criminal information for the purposes of instituting it to toll the statute of limitations and the defendant's right to waive indictment in open court before being prosecuted on a criminal information are two different things.

In addition, the Court determines that Defendant's waiver of indictment, which she signed outside of court prior to the filing of the criminal information and prior to the expiration of the statute of limitations, constituted a waiver that allowed the Government to timely file the criminal information with the clerk's office and toll the statute of limitations.  Defendant's non-court waiver was knowingly and voluntarily made in the presence of her counsel, and she does not contend, nor does her attorney contend, that the signatures on the document were forged or done unknowingly. The Court therefore **FINDS** Defendant knowingly and voluntarily executed the waiver of indictment form, which allowed for the subsequent filing of the criminal information and tolled the statute of limitations.

Accordingly, this Court **FINDS** Defendant guilty as to count one of the amended information charging her with conspiracy to make a false statement to a federal firearms licensee in violation of 18 U.S.C. §§ 371 and 924(a)(1)(A).  The Court makes this finding on two alternative grounds. The first that the criminal information was timely filed without a waiver; the other on the ground that Defendant's signed waiver of indictment outside of open court actually constituted a valid and timely waiver allowing the institution of the timely-filed criminal information.

**I.      Background**

On April 4, 2003, Defendant entered into a written agreement with the United States where she agreed to plead guilty to a one-count criminal information charging her with conspiracy to make false statements to a federal firearms licensee, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 371. She and her attorney also signed a waiver of indictment on that same date. Neither the guilty plea nor the waiver were signed in open court.

The Government subsequently waited until May 25, 2004, to file a criminal information with the clerk's office, charging the Defendant, from on or about January 21, 1999, through and including on or about September 14, 1999, with conspiracy to make false statements to a federal firearms dealer in violation of 18 U.S.C. §§ 924(a)(1)(A) and 371. (Doc. 1). A five-year statute of limitations period applies to this offense. 18 U.S.C. § 3282.

On January 19, 2005, an amended criminal information was filed in the clerk's office, charging the Defendant with the same crime but including specific facts relating to the alleged firearm purchases. (Doc. 2). The Government represents that, after the amended criminal information was filed, her counsel requested the Government to delay proceedings because she was then three months pregnant. Gov't's Mem. at 2 (Doc. 10). Defendant does not dispute this.

On January 3, 2006, a hearing was held on Defendant's guilty plea to criminal information. At that hearing, another waiver to indictment was signed in open court by Defendant and her attorney, David Barger. The Court also signed the waiver. Defendant pleaded guilty to count-one of the amended criminal information and re-dated the guilty plea she had signed previously on April 4, 2003. The Court, however, withheld a finding of guilty, because it was concerned that the criminal information had been filed five years after the offense was committed, as the last offenses occurred from January 21, 1999 to September 14, 1999 and Defendant had not waived her right to

indictment in open court until January 3, 2006. The Court requested the parties to brief the issues involved, and the parties have done so. A hearing on the matter was scheduled for 10:00 a.m. on Tuesday, March 28, 2006, but was subsequently canceled.

**II.   Analysis**

   **A.  The Statute of Limitations and the Filing of a Criminal Information**

   **1.   Overview**

The first question in this case is whether filing an information with the clerk's office is sufficient to "institute" the information for the purposes of tolling the five-year statute of limitations, 18 U.S.C. § 3282(a). That provision provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the <u>information is instituted</u> within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a) (emphasis added). When an information is "instituted" is possibly informed by FED. R. CRIM. P. 7(b). It provides:

> An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – <u>in open court and after being advised of the nature of the charge and of the defendant's rights</u> – waives prosecution by indictment.

FED. R. CRIM. P. 7(b) (emphasis added). Given this rule, the question is thus whether waiving indictment in open court under Rule 7(b) constitutes "instituting" an information for the purposes of the statute of limitations under § 3282 or whether filing the information with the clerk's office prior to waiver in open court is sufficient.

   **2.   The Parties' Arguments**

Defendant argues that determining whether and when an information is "instituted" turns on Rule 7(b)'s requirement that the defendant "in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment." In other words, Defendant maintains the information could not be "instituted" to toll the statute of limitations until Defendant waived indictment in open court, as required by Rule 7(b) in order for prosecution by information to proceed. Put another way, Defendant argues that, although the clerk's office <u>received</u> the information within the statute of limitations period, the information is not <u>instituted</u> until a defendant waives her right to indictment in open court and thus allows the case to be prosecuted on the information. Def.'s Mem. at 2 (Doc. 9).

The Government reads Rule 7(b) differently. In its view, "Rule 7(b) merely permits the <u>prosecution</u> of a felony by information if the defendant waives prosecution by indictment in open court." Gov't's Mem. at 3 (Doc. 10). "Rule 7(b) does not say the information may not be filed until the defendant waives its <u>filing</u> in open court." <u>Id.</u> The Government thus distinguishes between filing an information with the clerk's office and the purpose of a defendant's waiver. In other words, under Rule 7(b), a defendant does not waive the right to have an information filed with the clerk's office; rather, a defendant waives the right to be prosecuted by indictment. Indeed, the Government maintains that Rule 7(b), by its very terms, contemplates that the information has been filed, as the Rule requires the Court to explain the charges to the defendant.

**3.     Discussion**

A plain and common-sense reading of Rule 7(b) and § 3282 would suggest Defendant has the better argument; however, the lion's share of the relatively sparse case law addressing this issue indicates otherwise. The text of Rule 7(b) appears to clearly provide that a defendant's waiver of

5

prosecution by indictment occurs only after the defendant, "in open court," is "advised of the nature of the charge and of the defendant's rights." On its face, the meaning of the rule is plain: a defendant cannot waive indictment until a court explains to the defendant the nature of his charge and his rights. Indeed, the advisory note reveals the rule's obvious purpose, which is to contain "safeguards against improvident waivers." FED. R. CRIM. P. 7(b) advisory committee's note. It would therefore only be logical to presume that an criminal information could not be "instituted" for the purposes of the statute of limitations under § 3282 until the waiver of indictment occurred pursuant to the dictates of Rule 7(b). Otherwise, the "safeguards" under the rule are hardly safeguards at all.

Bolstering this view is the very practical fact that the clerk's office does not report the filing of a criminal information until after the defendant has waived the right to indictment in open court. The clerk's office follows the Criminal Statistical Reporting Guide, which instructs that "[f]elony proceedings by information . . . become reportable when the defendant waives the right to be prosecuted by indictment in accord with Rule 7(b), Federal Rules of Criminal Procedure." Criminal Statistical Reporting Guide, 2:1 (1996). The manual cites an opinion by the Judicial Conference Committee on the Administration of Criminal Law, which states "the filing of an information in such a case [indictable offense prosecuted by information] has no legal effect prior to the defendant's waiver." Accordingly, if, for the practical purpose of reporting, a criminal information has no "legal effect" prior to the defendant's waiver, why should it be considered "instituted" for the purposes of the statute of limitations? Again, logic and common senses may suggest it couldn't.

The majority of the cases addressing this issue, however, have reached the opposite conclusion. In United States v. Burdix-Dana, 149 F.3d 741, 742 (7th Cir. 1998), the United States

6

Court of Appeals for the Seventh Circuit held the filing of the information is sufficient to institute the information within the meaning of 18 U.S.C. § 3282, thus distinguishing between the filing of an information and the defendant's waiver of indictment in open court. In that case, an information was filed on February 20, 1997 and alleged that the violation took place on or about February 24, 1992. Id. The five-year statute of limitations set forth in § 3282 applied. On March 4, 1997, a federal grand jury returned an indictment against the defendant, charging her with the same offense as in the previously filed information. The district court granted the government's motion to dismiss the information on March 14, 1997. The defendant subsequently moved to dismiss the indictment, maintaining it had not been returned within the five-year limitations period, which the district court denied. Id. Because 18 U.S.C. § 3288 allows "the government to file an indictment after the limitations period has run where . . . the reason for dismissing the information is other than a failure to institute the information during the applicable statute of limitations," the question in Burdix-Dana was whether the filed criminal information was instituted for this safeguard under § 3288 to apply.[1]

---

[1]Section 3288 of Title 18 provides:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

The Court of Appeals for the Seventh Circuit concluded the filed information – even though the defendant did not waive indictment – was "instituted" during the limitations period. The Bendix-Dana court explained:

> While we recognized that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, see Fed. R. Crim. P. 7(b), we do not believe that the absence of this waiver makes the filing of an information a nullity. Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver.

Id. The appellate court went on to observe "[t]here is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a prosecution must be instituted before the expiration of the five year period; instead the statute states that the information must be instituted." Id. at 743 (emphasis in original). Accordingly, the Court of Appeals for the Seventh Circuit concluded that Rule 7(b) did not affect the statute governing the limitations period. Notably, in spite of this holding, the Court of Appeals for the Seventh Circuit there was a "compelling" reason to be concerned with its outcome. Id. "[B]y equating 'instituted' with 'filed' and then applying 18 U.S.C. § 3288," the Court of Appeals for the Seventh Circuit observed, "we have allowed prosecutors to file and information, wait indefinitely, then present the matter to a grand jury well beyond the statute of limitations but within six months of the dismissal of the information." Id.

The Court of Appeals for the Seventh Circuit relied on United States v. Cooper, 956 F.2d 960, 962 (10th Cir. 1992) to support its analysis. In Cooper, like Defendant here, the defendant entered into a plea agreement with the government consenting to plea to a one-count criminal information prior to the expiration of the statute of limitations. Id. at 960. Unlike Defendant here, however, both the defendant and the government "were misled into believing that the information

had been filed timely and that it was not actually filed until after [the defendant's] plea" and the criminal information was filed after the statute of limitations had run. Id. Although the Cooper court found for the defendant, it asserted that, if the government had only filed the information within the statutory period, the appellate court would have considered it properly "instituted." The Cooper court explained: "Rule 7(b) does not prohibit the filing of an information in the absence of waiver of indictment. Instead, the rule proscribes prosecution without waiver." Id. at 962. Therefore, in the Cooper court's view, "the information could have been filed within the period of limitations." Id. Quoting Wright & Miller, the Cooper court wrote: "It is inconsequential whether the information is filed before or after the defendant has waived indictment. The fact that the information was filed first and the waiver was made later does not invalidate the information." Id. (quoting 1 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 122, at 344 (1982)).[2]

At least two district courts have reached the same conclusion that filing a waiverless information is permitted as well. In United States v. Hsin-Yung, 97 F. Supp. 2d 24 (D.C. 2000), without discussing the facts at issue, the district court concluded that "Rule 7(b) does not prohibit the filing of an information in the absence of waiver of indictment by the defendant." (emphasis in original). Similarly, in United States v. Watson, 941 F. Supp. 601, 603 (N.D. W. Va. 1996), the

---

[2]The Cooper court also did not believe the defendant's guilty plea agreement, which was entered into prior to the expiration of the statute of limitations, was a valid waiver of the statute of limitations. Id. at 961. But see United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002) (disagreeing with Cooper and stating that a "plea of guilty . . . waives all non-jurisdictional defects and defenses" and the statute of limitations is an affirmative defense); Acevedo-Ramos v. United States, 961 F.2d 305, 308 (1st Cir. 1992) (disagreeing with Cooper that an explicit waiver of a statute of limitations defense is required and concluding instead that a guilty plea is "a waiver of all non-jurisdictional defects").

district court discussed Cooper, holding that an information is "'instituted' when it is filed with the clerk of the court." In that case, the defendant, like Defendant in this case, entered into a written plea agreement with the government prior to the expiration of the statute of limitations. Id. at 601. The government, however, waited until the statute of limitations had almost expired to file an information. By the time the hearing was scheduled on the defendant's guilty plea and waiver of indictment, the statute of limitations deadline had passed. Id. The district court found that the information had been instituted, concluding that a waiverless information may be instituted within the meaning of § 3282. Id. at 602.

Only one case comes to the opposite conclusion. It is a well-reasoned opinion written by Judge Zobel, the former Director of the Federal Judicial Center. In United States v. Machado, 2005 WL 2886213 (D. Mass Nov. 3 2005), the defendant was arrested in August 21, 1999 for drug possession. In June 2000, he signed a plea agreement in which he agreed to assist the government and waived the statute of limitations and his rights to a speedy trial. Id. * 1. In turn, the government agreed to proceed to plea proceedings "at the earliest practicable date." Id. The plea agreement and a sealed information were filed on August 31, 2000, and, by November 2000, the defendant's cooperation concluded. Instead of proceeding with the plea, however, "the government inexplicably allowed the case to languish for nearly four years [and] apparently forgot that a sealed information against defendant was pending" because, ten days before the statute of limitations expired, it filed a second information. A few days after the statute of limitations expired, the defendant appeared before the court, executed a waiver of indictment, and entered a plea of guilty. Id. The defendant subsequently moved to dismiss the second information.

The court dismissed the second information finding it was not properly instituted, as it was

10

not accompanied by a valid waiver of indictment. Id. *2. Noting that "the jurisdictional nature of the waiver is grounded in the Fifth Amendment, which requires the government to prosecute felonies by indictment," the court began by observing "[it] has no subject matter jurisdiction over a prosecution in which the government has filed an information without obtaining a valid waiver of indictment." Id.

> Thus, until a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment. Indeed, a court in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is "virtually meaningless."

Id. (citing United States v. Wessels, 139 F.R.D. 607, 609 (M.D. Pa. 1991) (holding a defendant who has not waived prosecution by indictment remains entitled to a preliminary examination even if the United States Attorney files an information)). In Judge Zobel's view, "[i]t defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations, when that same document is 'meaningless' for purposes of subject matter jurisdiction and prosecution." Id.

In addition, the court rejected the government's distinction between "prosecution" and "institution of charges" and its equation of "institution" with "filing." Id. Both prosecution and institution, Judge Zobel observed, "are commonly used to describe the commencement of a criminal action." Id. (citing BLACK'S LAW DICTIONARY 801 (7th ed. 1999) and noting it defines "institution" as the "commencement of . . . a civil or criminal action"). In the court's view, therefore, "because an information is the functional and constitutional equivalent of an indictment only when accompanied by a valid waiver of indictment, no reason exists why that rule should not apply in the statute of limitations context." Id. The court also acknowledged that a few decisions had reached

11

the opposite conclusion, but stated "close review of those decisions only emphasizes the dangers of the government's approach," relating the concern raised by the Seventh Circuit in <u>Burdix-Dana</u>, discussed <u>supra</u>, and noting that "if a prosecutor sealed a pending information, the defendant might never have an opportunity to move for its dismissal." <u>Id.</u> *3.

In short, with the exception of Judge Zobel, the courts having addressed this issue with facts similar to the facts before the Court here have found that a criminal information <u>filed</u> with the clerk's office is "instituted" for the purposes of tolling the statute of limitations found in § 3282. Although Judge Zobel's concerns are well taken, this Court is persuaded that the doctrine of stare decisis requires the Court to find that the filing of the criminal information with the clerk's office tolled the statute of limitations. The criminal information was not sealed; Defendant was aware of its filing; and Defendant's counsel was in contact with the Government about her testifying in related cases and appearing at her guilty plea hearing. Unlike Judge Zobel, this Court is willing to accept the distinction between filing a criminal information for the purposes of tolling the statute of limitations – an affirmative defense and not a constitutional right – and accepting a waiver of indictment for the purposes of actually prosecuting the defendant. There is no question in this Court's view a defendant may not be <u>prosecuted</u> until she waives her right to indictment in open court as required by Rule 7(b), but that rule is not changed by this Court's conclusion that a <u>filed</u> criminal information tolls the statute of limitations. Accordingly, this Court **FINDS** that the criminal information filed on May 25, 2004 was "instituted" for the purposes of tolling the statute of limitations.

### B. Signing of Plea Agreement & Waiver of Indictment

The next question is whether a plea agreement or a waiver of indictment, although not signed in open court, may serve as a waiver of the statute of limitations or allow for a criminal information

to be filed with the clerk's office and "instituted" for the purposes of § 3282. Neither party addresses this argument directly, although the Government argues that the April 4, 2004 waiver of indictment "arguably became effective upon the filing of the May 25, 2004 information." Def.'s Mem. at 4.

### 1.     The Plea Agreement

The United States Court of Appeals for the Fourth Circuit has stated: a "plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." United States v. West, 2 F.3d 66, 69 (4th Cir. 1993) (quoting Mabry v. Johnson, 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984)). Until a plea agreement is accepted by a court, therefore, a defendant cannot be deprived of a constitutionally protected interest.

The affirmative defense of statute of limitations, however, is not a constitutionally protected interest. See Acevedo-Ramos v. United States, 961 F.2d 305, 307 (1st Cir. 1992) (in a case involving a statute of limitations defense raised after a plea was taken, distinguishing between constitutional rights, such as the right to be represented by counsel, and affirmative defenses provided by statute, such as the statute of limitations); United States v. Levine, 658 F.2d 113, 125 (3rd Cir. 1981) (concluding that "statutes of limitations do not share the constitutional stature of the rights protected by interlocutory review"). This being so, however, does it follow that non-constitutionally protected interests are somehow effective before a plea is accepted by a court?[3] In

---

[3]In United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002), the Eighth Circuit held that a guilty plea in open court that occurred after the statute of limitations expired "waives all non-jurisdictional defects and defenses" and the statute of limitations is an affirmative defense. In this case, the Court did not accept Defendant's plea. Given Defendant's most recent posture on the issue, the Court declines to conclude she waived the non-jurisdictional defenses of

the abundance of caution, the Court concludes the answer to this question is no.

According to the United States Court of Appeals for the Fourth Circuit, while, when interpreting plea agreements, "contract principles will be 'wholly dispositive,'" a plea agreement "is not simply a contract between two parties." United States v. Wood, 378 F.3d 342, 348 (4th Cir. 2004). "It necessarily implicates the integrity of the criminal justice system and requires the courts to exercise judicial authority in considering the plea agreement and in accepting or rejecting the plea." Id. (quoting United States v. McGovern, 822 F.2d 739, 743 (8th Cir.1987)). This comports with FED. R. CRIM. P. 11(b), which outlines a court's procedure when advising a defendant in open court prior to the court's acceptance of his plea. The court must ensure the defendant understands his right to a jury trial, right to be represented by counsel, right to confront adverse witnesses, right to be protected from self-incrimination, right to testify and present evidence, and right to compel the attendance of witnesses. Id. Given the constitutional nature of these rights and the fact that it is the court's responsibility to determine whether the defendant understands them, a defendant is not bound by a plea agreement in any sense until a court accepts his plea. Practically speaking, until a guilty plea is accepted by a court, a defendant may change his mind and withdraw his plea altogether – indeed, Rule 11 contemplates that a defendant may indeed want to do so after being informed by the court of his rights. Rule 11(d). Consequently, it would seem to strain the purpose of Rule 11 and the right of the defendants to withdraw a guilty plea to determine that a guilty plea agreement not yet accepted by a court was nevertheless effective as a waiver of the affirmative defense of the statute of limitations.

---

the statute of limitations on January 3, 2006 because she was not found guilty at that time. See United States v. Machado, 2005 WL 2886213 (D. Mass. Nov. 3, 2005) (stating a "waiver is only effective if the defendant enters a valid guilty plea").

**2. Waiver of Indictment**

FED. R. CRIM. P. 7(b) provides that a defendant charged with a felony may waive prosecution by indictment "in open court and after being advised of the nature of the charge and of the defendant's rights." As noted supra, a plain reading of the rule indicates that a defendant may only waive prosecution by indictment in open court and after being advised of his rights by the court. Nevertheless, Wright & Miller notes that "courts have found waivers effective even where the waiver may have been signed out of court." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 122 (1999). "It has been held also that Rule 7(b) does not require an express waiver and that the rule has been satisfied if it is clear that defendant has implicitly waived indictment." Id.

In Ching v. United States, 292 F.2d 31, 32 (10th Cir. 1961), the defendant was confined in Colorado and two informations were filed against him, one in the United States Court for Western Oklahoma, the other in the United States Court for Eastern Louisiana. Both cases were transferred to the United States Court for Colorado. Id. Defendant signed waivers of indictment while detained and did not waive indictment in open court. Defendant pleaded guilty in both cases and was sentenced to imprisonment. Two year later, he filed a § 2255 petition saying he had not waived indictment in open court. The Court of Appeals for the Tenth Circuit held that waiver in open court was unnecessary, as he did not maintain the waiver documents did not bear his signature, he was "represented by an attorney of his own choice," and the attorney also signed the waivers. Given these circumstances, the Court of Appeals for the Tenth Circuit concluded that the waivers complied with Rule 7(b). Id. at 32. See also Kossin v. United States, 235 F.2d 188, 189 (6th Cir. 1956) (stating it was sufficient under Rule 7(b) "for the waivers of indictment to be filed in open court before arraignment without the necessity that they also be executed by the appellant in open court").

Although this result may seem strange when compared to the analysis supra regarding plea agreements signed out of court, waivers of indictments do not require the same protections surrounding guilty pleas. LAFAVE, ISREAL, & KING, CRIMINAL PROCEDURE § 15.1 (2006). As the Court of Appeals for the Fourth Circuit has said, "[s]uch a waiver [is] nothing more than a waiver of a finding of probable cause" and it "is of relatively little consequence as compared with waiver of trial, and is not deserving of the protection surrounding entry of a guilty plea which has been described as 'perhaps the most devastating waiver possible under our Constitution.'" United States v. Hammerman, 528 F.2d 326, 332 (4th Cir. 1975). Citing Hammerman, the Court of Appeals for the Fifth Circuit took this reasoning further to apply it in the very context before the Court here, concluding "a waiver of indictment, being merely a waiver of a finding of probable cause by a grand jury, is of relatively less consequence as compared with a waiver of trial, and thus does not call for all of the protections surrounding entry of guilty pleas." Indeed, the Court of Appeals for the Fifth Circuit held that a court is under no obligation to inform defendants of their right to indictment, noting that, while "a defendant's waiver of indictment must of course be knowing and voluntary[,] there is no reason why the requisite advice cannot come from defense counsel. . . ." United States v. Moore, 37 F.3d 169, 173 (5th Cir. 1994). Given that "the jurisdictional nature of the waiver is grounded in the Fifth Amendment," Machado, 2005 WL 2886213 at * 2, the Court declines to adopt entirely the Court of Appeals for the Fifth Circuit's view. Rather, this Court concludes that a defendant who knowingly and voluntarily executes a waiver of indictment form, in the presence of his or her attorney, allows the statute of limitations to be tolled if the criminal information is timely filed in the clerk's office.

In this case, Defendant does not dispute she signed the waiver of indictment. She signed it

16

in the presence of her attorney, who signed it as well.  The Court therefore **FINDS** Defendant knowingly and voluntarily executed a waiver of indictment for the purposes of tolling the statute of limitations when the criminal information was timely filed when she signed the waiver on April 4, 2003.

### III.   Conclusion

According to the doctrine of stare decisis, the Court concludes that filing a "waiverless" criminal information with the clerk's office "institutes" it for the purposes of tolling the five-year statute of limitations, 18 U.S.C. § 3282.  The protections provided by Rule 7(b) are not necessary for a criminal information to be filed with the clerk's office for the purposes of tolling the statute of limitations; rather, Rule 7(b) requires the defendant to waive indictment in open court before the defendant may be prosecuted pursuant to the criminal information.  In this case, the Court **FINDS** the criminal information was filed in the clerk's office prior to the expiration of the statute of limitations.  However, this Court could not and would not condone the filing of a criminal information by the United States Attorney for the mere purpose of tolling the statute of limitations unless the defendant had knowingly signed a waiver or enter into an instrument that would indicate that the statute of limitations was waived.

In addition, Defendant's waiver of indictment, which she signed outside of court prior to the filing of the criminal information and prior to the expiration of the statute of limitations, allowed the Government to timely file the criminal information with the clerk's office and toll the statute of limitations.  The Court therefore **FINDS** Defendant knowingly and voluntarily executed a waiver of indictment for the purposes of tolling the statute of limitations when the criminal information was timely filed when she signed the waiver, in the presence of her attorney, on April 4, 2003.

For the above reasons, this Court **FINDS** Defendant guilty as to count one of the amended information charging her with conspiracy to make a false statement to a federal firearms licensee in violation of 18 U.S.C. §§ 371 and 924(a)(1)(A).

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record and to Defendant.

**IT IS SO ORDERED.**

                                                         _____ /s/_____
                                                         ROBERT G. DOUMAR
                                                         UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 29, 2006